UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

In Re:                                      )
                                            )    **JUDGE RICHARD L. SPEER**
Dean A. Mobley                              )
                                            )    Case No. 12-32247
        Debtor(s)                           )
                                            )

### DECISION AND ORDER

Before this Court is the Motion of the Trustee, Ericka S. Parker, for Turnover and to Avoid Transfer of Personal Property. (Doc. No. 23). In her Motion, the Trustee requests "an Order directing the Debtor to turn over the 2006 Titan Sidewinder Motorcycle and title and enter an Order avoiding the transfer on the title to the vehicle." *Id.* Said motorcycle was, in the time period immediately preceding the commencement of the Debtor's bankruptcy case, physically transferred to and titled in the name of the Debtor's former spouse, Patricia Mobley.

On the Trustee's Motion, the Debtor filed a response. In his response, the Debtor partially objected to the relief sought by the Trustee, setting forth, *inter alia*, that he "cannot legally return the cycle due to Ms. Mobley being the title owner." (Doc. No. 24). The Court, for the reasons set forth below, finds the position of the Debtor to be well taken.

### DISCUSSION

For the first part of her Motion, that for turnover, the Trustee cites to 11 U.S.C. § 542. For the second portion of her motion, concerning the avoidance of a transfer of personal property, the Trustee cites to 11 U.S.C. §§ 547 and 548. Each of these parts of the Trustee's Motion is now addressed in order.

In re: Dean A. Mobley
Case No. 12-32247

Section 542 provides a mechanism by which a trustee may obtain control of property for administration on behalf of a debtor's bankruptcy estate. *In re Richard Osterwalder*, 407 B.R. 291, 294 (Bankr.N.D.Ohio 2008). In relevant part, § 542(a) provides:

> an entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

A trustee seeking to compel turnover under § 542(a) bears the burden to show that the requirements of the statute are met. *In re DBSI, Inc.*, 468 B.R. 663, 669 (Bankr. D.Del. 2011).

A trustee's burden under § 542(a) will be satisfied when the existence of each of these three elements is established:

> (1) the entity against whom turnover is sought was in possession, custody or control of the property to be turnover;
>
> (2) the property to be turned over is subject to administration by the trustee (*i.e.*, the trustee may use, sell or lease the property under § 363) or the property may be exempted by debtor; and
>
> (3) the property to be turned over must be more than an inconsequential value or benefit to bankruptcy estate.

*In re Bailey*, 380 B.R. 486, 490 (B.A.P. 6th Cir. 2008). For these requirements of § 542(a), the Trustee has not met her burden with respect to elements one and two. As now explained, the basis for this conclusion is derived from this uncontested fact: the motorcycle for which the Trustee seeks to have the Debtor turnover was, on a prepetition basis, physically transferred to and titled solely in the name of the Debtor's ex-wife.

Page 2

In re: Dean A. Mobley
Case No. 12-32247

      The first element of § 542(a) requires that, before this Court can compel turnover, it must be shown that the entity against whom turnover is sought is in possession, custody or control of the property to be turned over. 11 U.S.C. § 542(a). This requirement serves to ensure that the entity against whom turnover is sought is capable of compliance. *In re Rood*, 459 B.R. 581, 607 (Bankr. D.Md. 2011). *See also Lovald, Trustee v. Falzerano (In re Falzerano)*, 454 B.R. 81, 86 (8th Cir. B.A.P. 2011) (turnover denied where defendants never had possession of property). For her Motion, the entity against whom turnover is sought is the Debtor.

      Compliance with the Trustee's motion for turnover in this particular case, however, appears to be a matter beyond the Debtor's control, with the Debtor, prior to seeking bankruptcy relief, having relinquished both physical possession and legal title to the motorcycle to his former spouse, Ms. Mobley.[1] The motorcycle, thus, cannot be said to be within the Debtor's possession, custody or control for purposes of § 542(a).

      This is not to say that the Debtor does not have a duty to cooperate with the Trustee. On the matter of turnover, therefore, the Trustee could seek to use, and apparently has used the Debtor as an intermediary with Ms. Mobley. 11 U.S.C. § 521; FED.R.BANKR.P. 4002. However, it would appear in this particular case that the Debtor's efforts as an intermediary would be futile, as the following statement, contained in correspondence sent by Debtor's attorney to the Trustee, shows:

> The former Ms. Mobley has indicated that she wanted no part of this. The cycle was hers. She was not giving it up, and she would make his [the Debtor's] life a living hell.

(Doc. No. 31, Ex. B).

---

[1] If the Trustee has evidence that the Debtor transferred his interest in his motorcycle for the purpose of keeping the property beyond the purview of the bankruptcy estate, an action to deny discharge could be brought. *See* 11 U.S.C. § 727(a)(2)(A).

Page 3

In re: Dean A. Mobley
Case No. 12-32247

However, even assuming, *arguendo*, that the Debtor could facilitate the delivery to the Trustee of the motorcycle now owned by his former wife, a more fundamental problem exists regarding turnover under § 542(a). The second requirement of § 542(a), *supra*, holds that a trustee may only seek the turnover of property when the property is subject to administration by the trustee (*i.e.*, the trustee may use, sell or lease the property under § 363) or the property may be exempted by the debtor. In more simplistic terms, this requirement means that the property to be turned over must be estate property. As this Court previously explained:

> Generally, a trustee can only use or sell property of the estate. 11 U.S.C. § 363(b)(1). Likewise, a debtor may only exempt property of the estate. 11 U.S.C. § 522(b)(1). Thus, although not specifically stated in § 542, fundamental to the concept of "Turnover" is that the asset to be turned over must be property of the debtor's bankruptcy estate.

*In re Richard Osterwalder*, 407 B.R. 291, 294 (Bankr. N.D.Ohio 2008) (internal citations omitted). *see also In re White*, 389 B.R. 693, 699 (B.A.P. 9th Cir. 2008) ("Essential element of a turnover order, necessarily decided in every turnover ruling, is that the property to be turned over is property of the bankruptcy estate.").

As shortly set forth in more detail, the prepetition transfer made by the Debtor of his motorcycle to his former spouse, Ms. Mobley, means that the Debtor's bankruptcy estate does not, at the present, have an interest in the vehicle. As such, the Trustee has no authority to administer the property, thus depriving the Trustee of any basis to obtain – as property she can use, sell or lease under § 363 – the turnover of the property under § 542(a). The estate's present lack of interest in Ms. Mobley's motorcycle is a consequence of the underlying nature of estate property.

At the commencement of a bankruptcy case, generally all interests held by a debtor in property become encompassed within a bankruptcy estate. 11 U.S.C. § 541(a). Conversely, if a debtor does not, when a case is commenced, hold an interest in property, the estate gains no interest

Page 4

in the property. Whether a debtor actually has an interest in property is a matter determined by applicable nonbankruptcy law,[2] in this case Ohio law, since the motorcycle at issue is titled under Ohio law.

With regards to motor vehicles, including motorcycles, Ohio is a certificate of title state. O.R.C. § 4505.04. As a certificate of title state, Ohio law generally proscribes a court from recognizing the interest of any person in or to any motor vehicle unless it is evidenced by a certificate of title. In relevant part, O.R.C. § 4505.04 sets forth:

> (A) No person acquiring a motor vehicle from its owner, whether the owner is a manufacturer, importer, dealer, or any other person, shall acquire any right, title, claim, or interest in or to the motor vehicle until there is issued to the person a certificate of title to the motor vehicle, . . .
>
> (B) . . . no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:
>
> (1) By a certificate of title, . . .

In this case, these facts are not in dispute: (1) on April 9, 2012, a certificate of title was issued regarding the motorcycle for which the Trustee now seeks turnover; (2) in this certificate of title, Ms. Mobley was denominated as the sole owner of the vehicle; and (3) subsequently, on May 11, 2012, the Debtor sought relief in this Court under Chapter 7 of the Bankruptcy Code. Based, therefore, upon an application of O.R.C. § 4505.04, it follows from these facts that, when he filed for bankruptcy relief, the Debtor had no interest in Ms. Mobley's motorcycle. As a consequence, the

---

[2] *Butner v. U.S.*, 440 U.S. 48, 54, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) (". . . Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law.").

Page 5

In re: Dean A. Mobley
Case No. 12-32247

Debtor's bankruptcy estate likewise has no interest in Ms. Mobley's motorcycle, thereby insulating the vehicle from the Trustee's Motion for turnover under § 542(a).

A couple of points regarding turnover are, at this juncture, in order. First, turnover under § 542 describes only the power of a trustee to force persons holding property of the bankruptcy estate to turn that property over to the estate; it does not define the interest of the estate in that property. Similarly, an action brought under § 542 for turnover cannot be used as a method to determine disputed rights of parties to property; rather, turnover is a limited remedy for a trustee to obtain what is acknowledged to be property of the bankruptcy estate. 11 U.S.C.A. § 542(a). *In re Hechinger Investment Co. of Delaware, Inc.*, 282 B.R. 149, 161-62 (Bankr. D. Del. 2002).

The deficiencies in the Trustee's Motion for Turnover also cannot be sidestepped by the Trustee simply substituting Ms. Mobley, in the stead of the Debtor, as the party against whom turnover is sought under § 542(a). Pursuant to Bankruptcy Rule 7001(1), if an action is brought by a trustee against a nondebtor party for turnover, it must be maintained through an adversary proceeding, not by way of a motion. *See Camall Co. v. Steadfast Ins. Co. (In re Camall Co.)*, 16 Fed.Appx. 403, 407 (6th Cir.2001) ("Courts have given effect to Bankruptcy R. 7001 by holding that 'a turnover proceeding commenced by motion . . . will be dismissed.'"), citing *In the Matter of Thomas J. Perkins*, Jr., 902 F.2d 1254, 1258 (7th Cir.1990). Accordingly, for all these reasons, the Trustee's Motion for Turnover under § 542(a) must be denied.

The Court now turns to address the second part of the Trustee's Motion, concerning the avoidance of the Debtor's transfer of his motorcycle to Ms. Mobley. In certain situations, property, although not first encompassed in a debtor's bankruptcy estate, may be subsequently brought within the bankruptcy estate through the use of certain avoiding powers conferred upon a trustee. In this matter, the Trustee, in the second part of her Motion, cites to two avoiding powers as a basis to recover the motorcycle now owned by Ms. Mobley: (1) 11 U.S.C. § 547, concerning preferential

Page 6

In re: Dean A. Mobley
Case No. 12-32247

transfers; and (2) 11 U.S.C. § 548, regarding fraudulent transfers. If successful on either of these actions, the avoided transfer is preserved for the benefit of the Debtor's bankruptcy estate. 11 U.S.C. § 551.

At this point, however, the merits of the Trustee's actions under both § 547 and § 548 cannot be addressed. Again, as with an action against a nondebtor party for turnover, Bankruptcy Rule 7001(1) requires that an action to avoid a transfer under either § 547 or 548 must by brought by way of an adversary proceeding, not by way of motion. *In re Value Music Concepts, Inc.*, 329 B.R. 111, 117 (Bankr. N.D. Ga. 2005). This is necessary aspect of due process. *See Havoco of Am., Ltd. v. Hill*, 197 F.3d 1135, 1139-40 (11th Cir.1999) (fraudulent conveyance had to be brought via an adversary proceeding in which wife was joined as defendant, in order to protect wife's due process rights). Consequently, until an adversary proceeding is brought, the Court cannot address the Trustee's claims under Bankruptcy Code §§ 547 and 548.

For all these reasons, the Motion of the Trustee for Turnover and to Avoid Transfer of Personal Property, cannot be Granted. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Page 7

In re: Dean A. Mobley
Case No. 12-32247

Accordingly, it is

**ORDERED** that the Motion of the Trustee, Ericka S. Parker, for Turnover and to Avoid Transfer of Personal Property, (Doc. No. 23), be, and is hereby, DENIED.

Dated: December 6, 2012

Richard L. Speer
United States
Bankruptcy Judge

Page 8

# CERTIFICATE OF SERVICE

Copies were mailed this 6th day of December, 2012 to:

Dean A Mobley
1611 Westgate
Defiance, OH 43512

James E Hitchcock
650 W 1st St
Defiance, OH 43512

Ericka S Parker
232 10th Street
Toledo, OH 43604

                                                /s/Diana Hernandez
                                       Deputy Clerk, U.S. Bankruptcy Court